There being no special contract proved, it must be (410) taken to be such an one as the law infers from the circumstances, which seems reasonably to be to pay to the plaintiffs the loss arising from the failure of the defendant to perform any act agreed to be done. It is the ordinary case of an agency undertaken, and the actual damage is the measure common to this and other cases. Policy requires a different rule in certain cases of public employments, because of the opportunities on the one part for the concealment of the misfeasance, and the difficulty of obtaining proof of the actual fact on the other. Hence arises the liability of carriers, and hence the statute gives debt against the sheriff for an escape. But those reasons do not extend to an undertaking of this sort. It may be more than ordinarily difficult for the jury to ascertain the loss, but that does not authorize the court arbitrarily to fix it in all cases at the greatest possible amount. And the difficulty here is not greater than in many other cases of like agencies, as if an attorney neglect to sue an insolvent party to a note. It is not like the contract of an endorser or drawer of a bill; that is, to pay the debt if notice be given; if no notice, he pays nothing. But I believe this has not been applied beyond the parties, and as to them it is founded on the special agreement. No precedent of such an action has been cited or found by the Court, and *Page 334 
we cannot make one without altering what has been generally considered the established law of principal and agent. If the bank be liable at all, we think the Superior Court adopted the proper rule for assessing the damages, and the judgment is affirmed.
PER CURIAM. Judgment affirmed.
Cited: Bank v. Kenan, 76 N.C. 345.